[Civ. No. 5550. Second Appellate District, Division One.—January 21, 1929.]

M. B. WEHRLE, Respondent, v. D. E. McDANELD, INC., (a Corporation), Appellant.

Page, Nolan, Rohe & Freston for Appellant.

Bernard Potter and Lynden Bowring for Respondent.

CONREY, P. J.—This action grew out of the sale of an automobile to plaintiff's assignor, Lynden Bowring, followed by failure to transfer title to the purchaser. The defendant appeals from the judgment.

The grounds of appeal as stated by appellant are: First, that the evidence is insufficient to prove that one Claubes, through whom the sale was made, was the agent of appellant, and, second, that there was not actually any deficiency of title "attributable to appellant." Legal ownership of the automobile was in the name of Ella E. Merritt. Her husband, assuming to act on her behalf, traded the car to defendant as part payment on a new car purchased from the defendant. This occurred on September 25, 1922. Under the provisions of the Vehicle Act of 1915, as amended and in force at that time, there was required to be only one certificate of registration and ownership. In order to complete a sale it was necessary that the certificate be properly indorsed by the transferee, and be filed with the motor vehicle department and a new certificate of registration issued in the name of the purchaser. (*Parke* v. *Franciscus,* 194 Cal. 284, 294 [228 Pac. 435].) The Merritt car was delivered to defendant without the certificate. ■ Defendant delivered the car into the possession of Claubes "on consignment," for purposes of sale. The evidence is sufficient to prove that Claubes became defendant's agent, with authority to make a sale. Claubes sold the car to Bowring and delivered it into his hands, at the same time promising to obtain and deliver the certificate. On request of Claubes, defendant endeavored to obtain the certificate, but Mrs.

Merritt refused to surrender it. Bowring made several demands for the certificate and also endeavored to obtain a new certificate of registration and ownership from the motor vehicle department. That department refused to issue a certificate to Bowring without surrender of the Merritt certificate. █ After waiting at least a reasonable time, Bowring returned the automobile to the place where he had obtained it from Claubes and notified Claubes of that fact. Claubes made no objection to the place of delivery, which was not actually on his premises, although it was the repair-shop where Claubes had placed it.

In our opinion this was a sufficient return of the automobile to Claubes, and therefore was a sufficient return of it to his principal, the defendant. █ The effect of the facts thus established is that the defendant failed to complete the sale in accordance with its contract and Bowring became entitled to a return of the money paid by him. It is stipulated that Bowring's claim against defendant was duly assigned to the plaintiff before the commencement of the action.

The judgment is affirmed.

Houser, J., and York, J., concurred.